(Nos. 24940, 24941.— 
THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* GEORGE EUCTICE *et al.* Plaintiffs in Error.

*Opinion filed February 22, 1939—Rehearing denied April 12, 1939.*

160

BENJAMIN C. BACHRACH, for plaintiffs in error.

OTTO KERNER, Attorney General, THOMAS J. COURTNEY, State's Attorney, and A. B. DENNIS, (EDWARD E. WILSON, JOHN T. GALLAGHER, MELVIN S. REMBE, and BLAIR L. VARNES, of counsel,) for the People.

Mr. JUSTICE JONES delivered the opinion of the court:

Defendants, George Euctice and George Lennon, were convicted in the criminal court of Cook county of the crime of carrying concealed weapons. Defendants have sued out a writ of error, asserting violation of their rights under section 6 of article 2 of the constitution of Illinois, which provides, in part, that "The right of the people to be secure in their persons, houses, papers and effects against unreasonable search and seizure, shall not be violated." Other grounds urged for reversal are that the evidence shows the weapons were not concealed; that improper evidence was admitted, and that a prejudicial remark was made by the prosecuting attorney.

About 7:00 o'clock on the morning of June 27, 1938, Illinois State police officers Levy and Moffett received a radio call informing them that a robbery had been committed in Indiana; that an Indiana police officer had been killed, and that the killers were proceeding northward on

Route 66 in Illinois. They were also given a description of the men and instructed to go to a point on Route 66 and stop and search all cars. The officers had stopped about one hundred cars but had waved on all but fifteen or twenty before defendants approached, the officers explaining that those waved on did not look suspicious.

Defendants were riding in the rear seat of the car. William Campagna and John Costello were in the front seat. The officers signaled them to stop, and when they did, officer Levy looked in the car. He saw Lennon drop a pistol, which was held between his legs, to the floor of the car. Another pistol was lying on the floor and the officer saw Euctice attempt to kick it under the rear seat. This officer testified that when he stopped the men he noticed that Euctice answered the description of one of the men given him in the radio call and it was his belief these men had participated in the shooting and robbery in Indiana. Actually they were innocent of that crime.

Defendants filed petitions to suppress as evidence the pistols and for the return of them to defendants, on the ground they were obtained by an unlawful search and seizure. The petitions set out that the officers had no warrants for the arrest of defendants, that defendants were not committing or about to commit any offense, and that the officers had no reason to believe defendants were guilty of any offense. After evidence was taken on the petitions, they were denied. This action is assigned as error.

The rule in this State is that where a criminal offense has, in fact, been committed, an officer has a right to arrest without a warrant where he has a reasonable ground for believing that the person to be arrested is implicated in the crime. His belief must be such as would influence the conduct of a prudent and cautious man under the circumstances. (*People* v. *Macklin,* 353 Ill. 64; *People* v. *McGurn,* 341 id. 632.) In this case a crime had, in fact, been committed and, according to the information received by the officers,

the criminals were driving northward on Route 66 in the vicinity of where the officers were stationed. Eutice was said to have answered the description of one of the men given in the radio call. Under such circumstances, the arrest was lawful, and the officers had a right to search defendants without a search warrant, for in such case the right of search and seizure is incidental to the right to arrest. (*People* v. *Preston*, 341 Ill. 407; *People* v. *Hord*, 329 id. 117; *People* v. *Swift*, 319 id. 359.) The court, therefore, did not err in denying the petition to suppress. However, that is not the vital question in this case.

Defendants argue that they were not guilty of carrying concealed weapons for the reason that there is no evidence to show the weapons were concealed; that, on the contrary, they were in full view of the officers when the officers opened the door. *People* v. *Niemoth*, 322 Ill. 51, is not controlling here. In that case we said, among other things, that there must be proof that a firearm is carried in such a manner as to give no notice of its presence. However, in that case the defendant was in the front seat of the car and the gun was on the floor of the rear seat. The decision there was based on the fact that the gun was not in such proximity to the accused as to be within easy reach and under his control. The statute does not mean that the firearm shall be carried in such manner as to give absolutely no notice of its presence. It merely requires that the firearm shall be concealed from ordinary observation. In this case the court was warranted in finding defendants had been concealing their guns on or about their persons, and that, by dropping them to the floor and kicking them under the rear seat, they were further endeavoring to conceal them.

Richard P. Austin, an assistant State's attorney of Cook county, testified to conversations he had with the defendants in which they told him that on the morning of their arrest they were on their way to some taverns to get slot machines, and that they took the guns along to use in case of necessity.

In these conversations the defendants admitted possession of the guns. Their counsel objected to this testimony on the ground that it tended to prove a conspiracy on the part of defendants to commit a separate and distinct crime. The position of the People is that the testimony did not tend to show another crime, and the evidence was introduced solely to show defendants knowingly possessed the guns. After defendants were found guilty and before sentence was imposed, the court stated that the fact they were going out for some slot machines did not necessarily mean they were going to commit a crime and that the testimony would not be considered.

The final contention of defendants is that the State's attorney made a prejudicial statement to the court while the question of punishment was being considered. The statement was that he thought defendants should have the maximum punishment because they had served time before; Euctice had served in the Illinois reformatory at Pontiac on a charge of grand larceny and Lennon in the Indiana penitentiary for burglary. Counsel for defendants objected to this statement and the court said it would not be admitted, because it would be error to do so. There is no doubt this statement was highly improper. (*People* v. *Serrielle*, 354 Ill. 182.) However, it is clear that the court realized this when it refused to admit the statement for that very reason. The maximum sentence for this crime is imprisonment in jail for one year and a fine of $200. Euctice was sentenced to jail for one year and Lennon for ten months. Each was fined one dollar. Under these circumstances it is our opinion that defendants were not injured by such statement. The judgments are, therefore, affirmed.

*Judgments affirmed.*