**People of the State of Illinois, Defendants in Error,
v. Nathaniel Russell, Plaintiff in Error.**

**Gen. No. 47,723.**

First District, Second Division.
September 29, 1959.
Rehearing denied November 6, 1959.
Released for publication November 6, 1959.

Brown, Brown, Cyrus and Greene, of Chicago (Ernest A. Greene, of counsel) for plaintiff in error.

Benjamin S. Adamowski, State's Attorney of Cook county (Francis X. Riley and William L. Carlin, Assistant State's Attorneys, of counsel) for defendants in error.

JUSTICE LEWE delivered the opinion of the court.

Defendant was charged with carrying a concealed revolver in violation of our criminal code, Ill. Rev. Stats. 1957, Ch. 38, Par. 155. He was tried by a court without a jury, found guilty, and sentenced to the House of Correction for sixty days. He now prosecutes this writ of error to reverse the judgment of the trial court.

Defendant contends that the evidence was insufficient to prove his guilt beyond a reasonable doubt. In particular, he claims that the People did not prove that the pistol he had was concealed.

The only testimony was that of the arresting officer and the defendant. The officer came upon defendant pointing a pistol at three men who were scuffling about five or six feet away. He ordered defendant to drop the gun. According to the officer, defendant instead put the barrel of the gun into his pocket with his hand covering the handle, and he then quickly disarmed defendant, tearing the latter's pocket in the process. Defendant testified that he had put part of the barrel into his pocket, that the handle was always out, and that his pocket was not torn when the officer took the gun away from him. In our view, this attempt to pocket the gun constitutes the concealment with which defendant is charged.

Defendant, both here and in the trial court, questions whether the revolver was ever completely out of the arresting officer's sight. The officer's testimony indicates that he could not see any part of the revolver when defendant tried to pocket it, while defendant implies that the revolver remained partly in view. Assuming that this point is determinative, it is one to be decided by the trial court who saw and heard the witnesses testify. Our Supreme Court "has frequently held that the testimony of one witness, even though denied by the accused, may be sufficient to sustain a conviction." People v. Fortino, 356 Ill. 415.

14

Under either version of the testimony, we think that the trial court's verdict should be upheld. Defendant relies on People v. Niemoth, 322 Ill. 51, as requiring that a revolver be carried in such a manner as to give no notice of its presence to support a conviction under our statute. The Niemoth case involves a quite different question, however; there, the court was concerned with whether a gun was so accessible as to allow its immediate use, and therefore carried "on or about" the person. The court's language regarding concealment was greatly qualified in the subsequent case of People v. Eustice, 371 Ill. 159, which we believe is controlling here.

In the Eustice case, police officers had stopped a car in which four men were riding. One of the officers looked into the car and saw one of the defendants drop a pistol, which was held between his legs, to the floor of the car. The officer saw the other defendant try to kick another pistol, which was lying on the floor of the car, under the rear seat. The argument was raised there, as it is here, that the weapons were in full view of the officers and therefore not concealed. Upholding a conviction for carrying a concealed weapon, the court said that the statute did not require that the weapon be carried so "as to give absolutely no notice of its presence," but merely that it "be concealed from ordinary observation."

■ The arresting officer in the present case saw defendant with his revolver drawn, and for obvious reasons had a very active interest in what next happened to it. We think that whether the arresting officer ever lost sight of the gun is of minor importance. Defendant had the barrel of the gun in his pocket and his hand on the handle. This is not the sort of open, conspicuous arming of the person that would be readily noticed by the casual observer. We therefore think that the evidence supports the trial

court's judgment finding defendant guilty of carrying a concealed weapon as charged.

For the reasons stated above, the judgment of the Municipal Court of Chicago is affirmed.

Judgment affirmed.

MURPHY, P. J. and KILEY, J., concur.