The People of the State of Illinois, Plaintiff-Appellee, *v.* Frank Crachy, Defendant-Appellant.

(No. 54204; ▮▮▮▮▮▮▮▮

First District—February 19, 1971.

*Rehearing denied March 9, 1971.*

Charles E. Lindell, of Chicago, (Manuel Rosenstein, of counsel,) for appellant.

Edward V. Hanrahan, State's Attorney, of Chicago, (Elmer C. Kissane and Anthony Montemurro, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE LORENZ delivered the opinion of the court:

Defendant Frank Crachy and his co-defendant Joseph Fleming were found guilty in a bench trial of the unlawful use of weapons.

On appeal defendant argues that the State failed to prove any violation of the statute under which he was charged.

The State presented the testimony of one witness, Daniel Kelly, a Chicago Police Officer. He stated that he observed defendant some fifteen to thirty feet away and noticed that defendant had an automatic pistol tucked in the waistband of his trousers. He walked up to defendant and took the gun from him. The witness testified that the weapon was visible and identifiable as a gun at all times.

Defendant testified in his own behalf. His testimony was substantially the same as that of Officer Kelly.

Section 24—1(a) (4) of the Criminal Code states:

A person commits the offense of unlawful use of weapons when he knowingly * * * (4) carries * * * concealed on or about his

person * * * any pistol, revolver or other firearm; * * * (Ill. Rev. Stat. 1967, ch. 38, par. 24—1(a) (4).)

Defendant argues that all of the evidence in the case indicated that the weapon was in plain view at all times and that there was no evidence which would prove concealment. The testimony of the State's witness was that the pistol was carried by defendant in his waistband. There was, however, nothing in his testimony or that of the defendant to suggest that the weapon was covered or hidden from view. On the contrary, the officer stated that he saw the pistol and identified it as such at a distance which he estimated to be fifteen to thirty feet.

The State argues that a violation was proved and cites several Illinois cases in support of its position. In *People v. Euctice*, 371 Ill. 159 (1939), a conviction for carrying concealed weapons was affirmed. The arresting officer saw one defendant "drop a pistol, which was held between his legs, to the floor of the car. Another pistol was laying on the floor and the officer saw Euctice attempt to kick it under the rear seat." 371 Ill. at 161. In *People v. Russell*, 23 Ill.App.2d 13 (1959), a conviction was upheld where testimony indicated that the defendant was seen by the arresting officer to be pointing a pistol at three men. When the officer ordered him to drop the gun the defendant put the barrel into his coat pocket. The Appellate Court said: "In our view, this attempt to pocket the gun constitutes the concealment with which defendant is charged." 23 Ill.App.2d at 14. And finally, in *People v. Cosby*, 118 Ill.App.2d 169 (1969), a conviction was affirmed. There the police officer saw something protruding from under a leather coat on the front seat of the defendant's car. He testified that he was able to observe a section of the butt end of the gun measuring about ¼" x 2½".

We find these cases to be distinguishable from the case at bar. In each case the evidence indicated an *actual* covering or obstructing of the weapon in such a manner as to at least make difficult its recognition as a firearm.

In the instant case the evidence indicates no covering or obstruction which would impede recognition of the weapon as such. In view of the insufficiency of evidence of concealment we find that defendant has not been proved guilty of the offense charged.

Judgment reversed.

ENGLISH, P. J., and DRUCKER, J., concur.