THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* HAROLD DAVIS, Defendant-Appellant.

(No. 55108; )

First District—October 1, 1971.

Fred R. Kimmel, and Thomas Grippando, of Chicago, for appellants.

Edward V. Hanrahan, State's Attorney, of Chicago, (Robert A. Novelle and Richard Pezzopane, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE DRUCKER delivered the opinion of the court:

This is an appeal from a conviction for unlawful use of weapons under Ill. Rev. Stat. 1969, ch. 38, par. 24—1(a)4 which reads as follows:

"(a) A person commits the offense of unlawful use of weapons when he knowingly:

(4) Carries concealed in any vehicle or concealed on or about his person except when on his land or in his own abode or fixed place of business any pistol, revolver or other firearm; * * *."

On December 9, 1969, at 10:00 P.M. Officer Brooks, while on routine patrol, observed two male negroes standing near the open trunk of a parked car. Brooks circled the block and returned to the alley where he observed the defendant with what appeared to be a shotgun. Brooks announced his office and defendant dropped the shotgun. Brooks arrested the defendant.

Defendant contends that he did not violate Section 24—1(a)4 because there was no evidence of concealment.

The State contends that there was sufficient evidence of concealment and in support cites two cases in which convictions for carrying con-

cealed weapons were upheld. Both of these cases may be distinguished on their facts.

In *People v. Russell*, 23 Ill.App.2d 13, the defendant was ordered by a police officer to drop the gun he was pointing at three persons. Instead of dropping the gun he placed it in his pocket with his hand covering the handle. The court in *Russell* made the following observation at page 15:

"The arresting officer in the present case saw defendant with his revolver drawn, and for obvious reasons had a very active interest in what next happened to it. We think that whether the arresting officer ever lost sight of the gun is of minor importance. Defendant had the barrel of the gun in his pocket and his hand on the handle. This is not the sort of open, conspicuous arming of the person that would be readily noticed by the casual observer."

The State also cites *People v. Euctice*, 371 Ill. 159, in which the defendant was in the back seat of a car which was stopped at a roadblock. A police officer observed him attempt to kick a pistol under the front seat. The court in *Euctice* interprets concealment at page 162 as follows:

"The statute does not mean that the firearm shall be carried in such manner as to give absolutely no notice of its presence. It merely requires that the firearm shall be concealed from ordinary observation."

In the case at bar the weapons were never concealed from ordinary observation. There is no evidence that defendant attempted to put the gun under, in or behind anything—he just dropped it. On cross-examination Officer Brooks testified as follows:

"Q. And at no time were these guns concealed, is that correct? They were always visible to you.

A. Yes."

The State has failed to prove the element of concealment, therefore we reverse.

Judgment reversed.

ENGLISH, P. J., and LORENZ, J., concur.