THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JAMES DAVIS, Defendant-Appellant.

(No. 55795;

First District—December 3, 1971.

Gerald W. Getty, Public Defender, of Chicago, (Suzanne M. Kohut and James J. Doherty, Assistant Public Defenders, of counsel,) for appellants.

Edward V. Hanrahan, State's Attorney, of Chicago, (Robert A. Novelle

and Richard A. Redmond, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE LORENZ delivered the opinion of the court:

Defendant James Davis was found guilty in a bench trial of the unlawful use of weapons. On appeal defendant contends that the evidence failed to prove him guilty beyond a reasonable doubt.

The State presented the testimony of two witnesses.

Horatio Garcia, a Chicago police officer, stated that at approximately 12:15 A.M. on October 8, 1969, he and police officer Lawrence Craig were parked in an unmarked automobile facing west toward Wells Street on the north side of Wendell and about ten feet from the intersection of Wells and Wendell. The witness first observed defendant about one-half block away, approaching the officers from the north on the east side of Wells. Defendant wore slacks and a coat which extended below his waist. Though there was nothing unusual in his appearance he was kept under observation because he appeared to fit the description of a suspect. When defendant was approximately five to ten feet from the intersection a .25 caliber automatic pistol dropped from the bottom of his left pants leg so that the officer could see the handle and a portion of the trigger. The witness heard the weapon strike the sidewalk and observed defendant stoop down, take it from the bottom of his pants legs and throw it into a nearby patch of grass not more than eight feet from where the officers sat. The area was well lighted by a street lamp and the officer's view of defendant was not obstructed.

Police officer Lawrence Craig testified that he was sitting in the driver's seat of the police car beside officer Garcia when Garcia said, "That man has a gun." Prior to Garcia's statement the witness had not observed defendant. He assisted Garcia in the immediate arrest of defendant and observed Garcia recover the discarded gun from some three or four feet behind where defendant stood.

Defendant testified in his own behalf. He stated that as he was walking down the street he met two men who appeared to be drunk. As they passed, officer Garcia, whom defendant did not then know to be a policeman, grabbed him by the arm. Defendant struck at the man who then displayed a badge and identified himself as a police officer. Defendant was then held by officer Craig who asked for identification and searched defendant. Officer Garcia walked a few steps down the street and returned displaying the .25 caliber pistol. Officer Garcia then put him under arrest saying that he had seen defendant drop the gun up the street. Defendant protested that he had not seen the weapon before.

Section 24—1(a) (4) of the Criminal Code states:

58

"A person commits the offense of unlawful use of weapons when he knowingly: * * * (4) carries * * * concealed on or about his person * * * any pistol, revolver or other firearm; * * *." Ill. Rev. Stat. 1967, ch. 38, par. 24—1(a) (4).

Defendant contends that because the State's evidence indicated that the weapon was first seen by officer Garcia at the bottom of defendant's pants leg and was immediately recognized as a pistol there was insufficient evidence of concealment. In advancing this contention defendant relies upon *People v. Crachy* (1971), (Ill.App.2d), 268 N.E.2d 467, in which we reversed a conviction under the statute here applied. In *Crachy* the record supplied no evidence that the weapon was covered or hidden from view, the arresting officer having testified that it was carried in the defendant's waist band and identifiable as a weapon from a distance of fifteen to thirty feet. In the instant case, however, officer Garcia's testimony indicated that defendant was under observation and walking toward him for approximately one-half block during which time he did not see the weapon. He was only able to determine that a weapon was present when it fell to the ground and defendant attempted to throw it away. It was a logical and reasonable inference that the weapon emerging from defendant's pants leg had been concealed upon his person and the fact that when first seen by the officer it was immediately recognizable as a firearm is irrelevant. See *People v. Euctice* (1939), 371, Ill. 159 at 162.

We conclude that the evidence of concealment was sufficient and that the judgment must be affirmed.

Judgment affirmed.

ENGLISH, P. J., and DRUCKER, J., concur.