THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JOHNNY COL-SON, a/k/a JOHNNIE COLSON, Defendant-Appellant.

(No. 57951; ▮▮▮▮▮▮▮▮▮▮

First District (1st Division)—August 27, 1973.

James J. Doherty, Public Defender, of Chicago, (Saul H. Brauner, Assistant Public Defender, of counsel,) for appellant.

Bernard Carey, State's Attorney, of Chicago, (Kenneth L. Gillis and Mariann Twist, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE GOLDBERG delivered the opinion of the court:

Johnny Colson, sometimes referred to as Johnnie Colson, (defendant) was charged with unlawful use of weapons in carrying a concealed weapon. (Ill. Rev. Stat. 1969, ch. 38, par. 24—1(a)(4).) He was also charged with committing this offense within five years of his release from a felony conviction. (Ill. Rev. Stat. 1969, ch. 38, par. 24—1(b).) After a bench trial, he was found guilty on both counts and was sentenced to two to three years in the penitentiary. He appeals.

In this court, defendant urges only that the evidence is legally insufficient to establish his guilt. The State contends that the evidence was sufficient.

The State's case consisted of the testimony of a police officer and a stipulation that another officer who was present at the time would testify

substantially to the same effect. At about 4:30 P.M. on December 28, 1971, the police officers were driving north on Parkside Avenue in Chicago. They stopped at a stop sign at the southeast corner of the intersection. They saw defendant standing and then walking back and forth on the northeast corner. The officers drove across the intersecting street to a point even with defendant. They then saw for the first time that there was a handle of a revolver protruding from defendant's overcoat. On October 5, 1970, defendant had been convicted of burglary.

The decisive legal principles directly applicable to this case are set forth in *People v. Euctice,* 371 Ill. 159, 20 N.E.2d 83. In that case, defendants were riding in the rear seat of an automobile. They were stopped by the police. An officer saw one defendant drop a pistol, which was held between his legs, to the floor of the car. Another pistol was lying on the floor and the second defendant attempted to kick it under the rear seat. The Illinois Supreme Court affirmed conviction of the defendants for the crime then referred to as carrying concealed weapons. The pertinent language used by the Illinois Supreme Court has since been repeated many times. The court held (371 Ill. at 162):

> "The statute does not mean that the firearm shall be carried in such a manner as to give absolutely no notice of its presence. It merely requires that the firearm shall be concealed from ordinary observation. In this case the court was warranted in finding defendants had been concealing their guns on or about their persons, and that, by dropping them to the floor and kicking them under the rear seat, were further endeavoring to conceal them."

Other cases applying the same test as to whether the weapon is "concealed from ordinary observation" are *People v. Latson,* 5 Ill.App.3d 1100, 284 N.E.2d 436 and *People v. Zazzetti,* 6 Ill.App.3d 858, 862, 286 N.E.2d 745. In *Zazzetti,* the court described *Latson* and *Euctice* as holding that "a weapon is concealed within the meaning of the statute even if there is some notice of its presence. All that is required is that it be concealed from ordinary observation." 6 Ill.App.3d at 862.

■■ In the case at bar, although the officers observed defendant from across the street, they failed to see the concealed weapon until they approached to a point some 15 or 20 feet from defendant. Thus, authorities such as *People v. Crachy,* 131 Ill.App.2d 402, 268 N.E.2d 467, where the officers plainly saw and identified the automatic pistol, and *People v. Davis,* 1 Ill.App.3d 1078, 275 N.E.2d 713, where defendant carried a shotgun in full view, are inapposite and do not assist defendant. It follows that the evidence was legally sufficient to find defendant guilty. Under these circumstances there is no reasonable doubt as to guilt and the

finding will not be disturbed. *People v. Catlett*, 48 Ill.2d 56, 64, 268 N.E.2d 378.

■■ However, as regards the sentence in this case, defendant is entitled to the benefit of the Illinois Unified Code of Corrections. (*People v. Pickett*, 54 Ill.2d 280, 285, 296 N.E.2d 856.) Under the Code, the crime of which defendant was convicted is a Class 3 felony. (See Ill. Rev. Stat., 1972 Supp., ch. 38, par. 1005—8—1(c)(4).) Under this statute, the minimum term may not be greater than one third of the maximum set by the court. The judgment will accordingly be affirmed and will be modified by reducing the minimum sentence to one year with the maximum remaining at three.

Judgment affirmed as modified.

EGAN and HALLETT, JJ., concur.