THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JOSEPH COLLINS, a/k/a Carlton Collins, Defendant-Appellant.
First District (1st Division)   No. 59887

Opinion filed March 25, 1976.

James J. Doherty, Public Defender, of Chicago (Andrew J. Kleczek and Ronald P. Alwin, Assistant Public Defenders, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon and Raymond J. Prosser, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE SIMON· delivered the opinion of the court:

Joseph Collins was found guilty after a bench trial of unlawful use of weapons within 5 years of his release from the penitentiary (Ill. Rev. Stat. 1971, ch. 38, §24—1(a) (4)) and possession of less than 30 grams of heroin (Ill. Rev. Stat. 1971, ch. 56½, §1402(b)). He was sentenced to 2 to 3 years in the penitentiary on each count to be served concurrently.

Before trial, defendant made a motion to quash his arrest and suppress evidence. At the hearing on the motion, defendant called a police officer who testified that he observed the defendant coming out of a vestibule, take a revolver from his waistband, and throw it on the ground. The officer was 25 to 30 feet from the defendant who was standing in an area illuminated by a street light. The revolver was retrieved by the officer's partner and defendant was placed under arrest. When defendant was searched following his arrest, a plastic vial containing heroin was discovered. Defendant called a second witness who contradicted the officer's testimony regarding defendant's possession of a gun. The court denied the motion.

At trial, the State called no witnesses. Defense counsel stipulated to the testimony of the police officer at the hearing on the motion to suppress, to a laboratory report finding that the substance taken from defendant was heroin, and to defendant's release from the penitentiary within 5 years of the incident. The defendant presented no evidence, and both the State and the defense rested without argument. The court found the defendant guilty.

On appeal, defendant contends that the stipulations agreed to by his attorney were in effect a guilty plea and that the court's failure to give the admonitions or make the determination of whether the plea was voluntary as called for in Supreme Court Rule 402 (Ill. Rev. Stat. 1971, ch. 110A, §402) require reversal of his conviction. *Boykin v. Alabama* (1969), 395 U.S. 238, 23 L. Ed. 2d 274, 89 S. Ct. 1709; *Brookhart v. Janis* (1966), 384 U.S 1, 16 L. Ed. 2d 314, 86 S. Ct. 1245; *People v. Stepheny* (1974), 56 Ill. 2d 237, 306 N.E.2d 872.

■■ The procedure followed in this case was not the "stipulated bench trial" criticized by the Supreme Court in *People v. Smith* (1974), 59 Ill. 2d 236, 242-43, 319 N.E.2d 760. The criticized procedure contemplates that defense counsel has stipulated to the truth of facts which establish guilt

beyond a reasonable doubt. Defendant here did not stipulate to the truth of the assertions contained in Officer Williams' testimony. On the contrary, the stipulated testimony contained defense counsel's ample examination of the witness. Thus, the stipulations served only to obviate the need for the introduction of evidence that defendant would not or could not controvert at trial and to dispense with the need to call Officer Williams to repeat at trial his testimony at the hearing on the motion to suppress. The trial court still had to determine whether the stipulated testimony of the hearing on the motion to suppress proved defendant guilty beyond a reasonable doubt, and to make a judgment of guilt or innocence based on the stipulated evidence. That defendant had no additional evidence to offer and chose not to make a closing argument does not convert the procedure followed in this case into a "stipulated bench trial," or a guilty plea.

■■ Defendant also argues that the evidence did not prove the weapon was concealed (*People v. Crachy* (1971), 131 Ill. App. 2d 402, 268 N.E.2d 467) and correspondingly that guilt was not proved beyond a reasonable doubt. The testimony of Officer Williams that he was unable to distinguish "the object" until after it was removed from defendant's waistband and the defendant was throwing it away was sufficient evidence for the trial court to conclude that the gun was on the defendant's person and concealed from ordinary observation. (*People v. Abrams* (1974), 21 Ill. App. 3d 734, 743-44, 316 N.E.2d 5.) See *People v. Euctice* (1939), 371 Ill. 159, 20 N.E.2d 83.

Defendant's final contention is that each of the sentences should be reduced. Regarding his conviction for unlawful use of weapons he contends, and the State concedes, that the sentence should be reduced to 1 to 3 years. This result is correct because of the application of the Unified Code of Corrections to the penalty imposed. (Ill. Rev. Stat. 1973, ch. 38, §1008—2—4.) Since defendant's appeal is now pending, there has been no final adjudication and the provisions of the Code are to be applied. See *People v. Taylor* (1974), 58 Ill. 2d 69, 79, 317 N.E.2d 97.

As regards the sentence for possession of heroin, under the law as it existed when the offense was committed, the penalty was imprisonment for not more than 1 year in a penal institution other than the penitentiary, or a sentence of imprisonment in the penitentiary between limits of 1 to 8 years. (Ill. Rev. Stat. 1971, ch. 56½, §1402.) Since there was an alternative in the possible sentences other than imprisonment in the penitentiary, the offense was then a misdemeanor. (*People v. Novotny* (1968), 41 Ill. 2d 401, 244 N.E.2d 182.) The Unified Code, effective January 1, 1973, modified this and reclassified the offense as a Class 3 felony. In the case before us the court sentenced defendant under the law as it existed at the time of

the offense and imposed a sentence of 2 to 3 years which was within the statutory limits.

Defendant's contention is that since under *Novotny* the offense was a misdemeanor when committed, the sentencing should be for a misdemeanor under the new Code. This commingles the concept of classification of crimes with that of determination of the proper sentence. In both of these areas, the statutory change in the law adopted after commission of the offense should not be applied retroactively without some clear expression of an intention of the legislature to do so. (*Vendo Co. v. Stoner* (1974), 58 Ill. 2d 289, 310, 321 N.E.2d 1.) There is no indication of retroactivity in the Unified Code with respect to reclassification of the offense from misdemeanor to felony. But, the Code is specifically retroactive as regards sentencing. It applies wherever the sentence under the Code is less than under the prior law. (Ill. Rev. Stat. 1973, ch. 38, §1008—2—4.) The sentence of 2 to 3 years was legally correct under the former law, but is now impermissible. Under the Code the minimum sentence for a Class 3 felony may not be greater than one-third of the maximum term set by the court. (Ill. Rev. Stat. 1973, ch. 38, §1005—8—1(c) (4).) This ameliorative provision is applicable here.

■■ In addition, the defendant's contention represents an attempt to rely on both the prior law and the Unified Code in determining the sentence to be imposed. In *People v. Emmett* (1975), 34 Ill. App. 3d 167, 173, 340 N.E.2d 235, we said that "the defendant cannot initially claim that he should be sentenced under the law in effect at the time of the commission of the crime and then argue that he should also receive the sentencing benefit of the Unified Code of Corrections." *Emmett* stands for the proposition that the defendant must be consistent in his election. The defendant here is not being consistent in contending for a classification under the prior sentencing provisions as interpreted by *Novotny* and a sentence for that classification under the Unified Code.

■■ Consequently the sentence of 2 to 3 years for the drug violation and the sentence of 2 to 3 years for unlawful use of weapons are reduced to terms of 1 to 3 years each, to be served concurrently. As thus modified, the judgment is affirmed.

Judgment affirmed as modified.

GOLDBERG, P. J., and BURKE, J., concur.