THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* ORLANDO SCHUFORD, Defendant-Appellant.

First District (2nd Division) No. 76-976

Opinion filed June 28, 1977.

James J. Doherty, Public Defender, of Chicago (John M. Kalnins, Assistant Public Defender, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon, Paul Benjamin Linton, and Michael Madden, Assistant State's Attorneys, of counsel), for the People.

Mr. PRESIDING JUSTICE DOWNING delivered the opinion of the court:

Defendant, Orlando Schuford, was charged by complaint with the offenses of unlawful use of weapons and failure to carry a valid firearm owner's identification card (Ill. Rev. Stat. 1975, ch. 38, pars. 24—1(a)(4), 83—2(a)). Following a bench trial, defendant was found guilty of both offenses and sentenced to two years' probation, the first 15 days to be served in the House of Corrections. He now appeals from his conviction on the unlawful use of weapons charge, contending that he was not proved guilty beyond a reasonable doubt and that he did not knowingly waive his right to a jury trial. Upon oral argument of the cause, however, defendant conceded the latter issue. We, therefore, review only the reasonable doubt issue.

The 17-year-old defendant was arrested on April 2, 1976, by Officer Steven Hood, who testified that on that evening he was driving to work when he noticed defendant standing near a tree in the vicinity of 86th and Green Streets in Chicago. As Hood observed defendant, he saw defendant place what appeared to be a sawed-off rifle in the left side of

his pants. The officer was approximately 25 feet away, traveling at approximately 15 m.p.h. when he made the observation. Very little of the rifle was inside defendant's pants; almost all of it was exposed. When Officer Hood stopped his vehicle to arrest defendant, Hood saw defendant pull his coat around the weapon and start to walk away. Defendant was thereupon arrested and searched. The search revealed a .22-caliber rifle for which defendant could not produce a valid owner's identification card.

Defendant called his friend Tommy Gray, who testified that, when the policeman approached defendant, defendant's jacket was open, exposing his shirt. In his own defense, defendant testified that he was walking by the tree and saw the rifle. He picked up the weapon and placed part of it in his pants. At the time his jacket was open and remained open while the officer stopped and arrested him. Following argument, defendant was found guilty of both charges and was sentenced.

I.

Although defendant admits that he was in possession of the rifle, he maintains the weapon was not concealed. The relevant statute is violated, however, when an accused knowingly carries *concealed* on or about his person any firearm. (Ill. Rev. Stat. 1975, ch. 38, par. 24—1(a)(4).) The gist of the offense, therefore, is not that of carrying a firearm but of carrying it concealed on or about the person. *People v. Beason* (1st Dist. 1951), 342 Ill. App. 621, 624, 97 N.E.2d 603.

■■ ■ In an early case the Illinois Supreme Court held that a conviction pursuant to a prior statute could only be secured upon proof that the firearm was carried in such a manner as to give no notice of its presence. (*People v. Niemoth* (1926), 322 Ill. 51, 53, 152 N.E. 537.) That standard has since been modified such that the present statute merely requires that the firearm be concealed from ordinary observation. (*People v. Euctice* (1939), 371 Ill. 159, 162, 20 N.E.2d 83; *People v. Taylor* (1st Dist. 1975), 31 Ill. App. 3d 20, 24, 332 N.E.2d 735; *People v. Colson* (1st Dist. 1973), 14 Ill. App. 3d 375, 376, 302 N.E.2d 409; *People v. Zazzetti* (1st Dist. 1972), 6 Ill. App. 3d 858, 862, 286 N.E.2d 745.) If the weapon has not been covered or obstructed so as to make its recognition as a weapon at least difficult, a conviction for unlawful use of firearms will be reversed on appeal. (*People v. Crachy* (1st Dist. 1971), 131 Ill. App. 2d 402, 403, 268 N.E.2d 467; see also *People v. White* (1st Dist. 1975), 33 Ill. App. 3d 523, 530, 338 N.E.2d 81; *People v. Williams* (1st Dist. 1973), 15 Ill. App. 3d 823, 826, 305 N.E.2d 186; *People v. Davis* (1st Dist. 1971), 1 Ill. App. 3d 1078, 1079, 275 N.E.2d 713.) Yet an attempt to pocket the weapon has been held to constitute the very concealment which is the gist of the offense. *People*

*v. Russell* (1st Dist. 1959), 23 Ill. App. 2d 13, 161 N.E.2d 583, *aff'd* (1960), 20 Ill. 2d 344, 170 N.E.2d 1.

■■ With these well-established rules in mind, we turn now to defendant's argument. He maintains that his conviction must be reversed because he and the arresting officer both testified that the rifle was placed in defendant's pants in such a fashion that most of the weapon was exposed, *not* concealed. As the officer never testified that he lost sight of the rifle throughout the incident, defendant concludes that the trier of fact could not possibly have inferred that the rifle was ever concealed. We disagree. Defendant has chosen to ignore that portion of Officer Hood's testimony indicating that defendant immediately pulled the jacket over the weapon. Although Tommy Gray and defendant testified that the jacket was open, the court was under no obligation to believe them. The question clearly turns on credibility.

■■ It is the function of the trier of fact to determine the credibility of witnesses; and where evidence is merely conflicting a court of review will not substitute its judgment for that of the trier of fact. (*People v. Akis* (1976), 63 Ill. 2d 296, 298-299, 347 N.E.2d 733.) Here, the testimony of Officer Hood, if believed, was sufficient to prove beyond a reasonable doubt that defendant carried a concealed weapon on or about his person. (*People v. Collins* (1st Dist. 1976), 37 Ill. App. 3d 202, 204, 345 N.E.2d 730; *People v. Abrams* (1st Dist. 1974), 21 Ill. App. 3d 734, 744, 316 N.E.2d 5.) Defendant's conviction of unlawful use of weapons is accordingly affirmed.

Judgment affirmed.

STAMOS and PERLIN, JJ., concur.