THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* ARTURO SALGADO, Defendant-Appellant.

First District (4th Division)    No. 79-251

Opinion filed April 17, 1980.

James J. Doherty, Public Defender, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago (Marcia B. Orr, James Veldman, and Robert Clifford, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE JOHNSON delivered the opinion of the court:

Following a bench trial in the circuit court of Cook County, defendant, Arturo Salgado, was found guilty of the offense of unlawful use of weapons. (Ill. Rev. Stat. 1975, ch. 38, par. 24—1(a)(4).) He was sentenced to 8 days in the House of Correction.

In his appeal to this court, defendant contends the trial court erred in admitting evidence obtained from him in violation of the boarding aircraft statute (Ill. Rev. Stat. 1975, ch. 38, par. 84—4).

We affirm.

At trial, Chicago Police Officer William Isdell testified that on April 20, 1976, he was assigned to X-ray screening of baggage at O'Hare Airport. On that day a ticket counter supervisor told him a man had purchased only a one-way ticket and had no personal identification.

Officer Isdell proceeded to the ticket counter where he met Arturo Salgado and an accompanying relative. The officer determined Salgado could not speak well in English, but the relative served as interpreter. Officer Isdell informed the men that he wanted to X-ray Salgado's luggage. Salgado gave the luggage to the officer who examined the suitcase with X-ray equipment. During the examination, the officer discovered an object which was in the shape of a gun or a hair dryer. Officer Isdell returned with the luggage and asked whether there was a weapon inside. The response was in the negative.

Officer Isdell asked to search the suitcase. In Salgado's presence, the relative gave the officer permission to open it. The search revealed an unloaded .38-caliber gun wrapped in a pair of trousers. Defendant Salgado was subsequently placed under arrest and charged with failure to possess a State firearms owner identification card as well as unlawful use of weapons.

The court overruled a motion to suppress the gun as evidence and found defendant guilty of unlawful use of weapons.

It is defendant's contention that according to section 4 of the boarding aircraft statute (Ill. Rev. Stat. 1975, ch. 38, par. 84—4), the weapon recovered from his luggage was the product of a search made pursuant to section 3 of the same statute (Ill. Rev. Stat. 1975, ch. 38, par.

84—3) and, as such, was inadmissible to support the charge of unlawful use of weapons.

The State asserts, in response, that the evidence was properly admitted at trial because it was obtained by a lawful search. The State argues the search of defendant's luggage was made with his express oral consent and, therefore, was not within the purview of section 4. Section 3 provides:

> "Any person purchasing a ticket to board any commercial or charter aircraft shall by such purchase consent to a search of his person or personal belongings by the company selling the ticket to him. Such person may refuse to submit to a search of his person or personal belongings by the aircraft company but the person refusing may be denied the right to board such commercial or charter aircraft at the discretion of the carrier. Such refusal shall create no inference of unlawful conduct." (Ill. Rev. Stat. 1975, ch. 38, par. 84—3.)

Section 84—4 further provides:

> "Any evidence of criminal activity found during a search made pursuant to this Act shall be admissible in legal proceedings for the sole purpose of supporting a charge of violation of this Act and is inadmissible as evidence in any legal proceeding for any other purpose." Ill. Rev. Stat. 1975, ch. 38, par. 84—4.

This court is aware of the objective of the Illinois boarding aircraft statute. The statute was enacted to promote safety and security for commercial and charter flights. See *People v. Hysner* (1978), 58 Ill. App. 3d 464, 374 N.E.2d 799.

The scope of airport security searches, in general, has widely been held to be limited to seeking discovery of weapons or explosives which might be used in aircraft hijacking attempts. See *United States v. Albarado* (2d Cir. 1974), 495 F.2d 799; *State v. Chipley* (1977), 29 Or. App. 691, 564 P.2d 1096.

This case does not directly concern aircraft or airport security. Rather, defendant was charged with unlawful use of weapons (Ill. Rev. Stat. 1975, ch. 38, par. 24—1(a) (4)). Here, we are concerned with a violation which occurs when a person knowingly carries any firearm concealed on or about his person. The gist of the offense is the *carrying* of the weapon *concealed* on or about the person. (*People v. Schuford* (1977), 50 Ill. App. 3d 408, 410, 365 N.E.2d 731, 733.) The principal evidence in a case based upon this offense would be the weapon. Thus, the search which lead to the discovery of the weapon would be crucial.

The question before us is whether the search which produced the gun was authorized by consent implied in the aircraft boarding statute or the

express consent of defendant. Both parties agree that a search made with consent implied in the statute could not produce evidence admissible to support a charge of unlawful use of weapons. However, it is our opinion that implied consent was not the only basis for a lawful search of defendant's luggage.

■■ Under the fourth and fourteenth amendments to the United States Constitution, a search conducted without a warrant issued upon probable cause is, *per se*, unreasonable. The rule is subject only to a few specifically established and well delineated exceptions. One of those exceptions is a search conducted pursuant to consent. (*Schneckloth v. Bustamonte* (1973), 412 U.S. 218, 219, 36 L.Ed. 2d 854, 858, 93 S. Ct. 2041, 2043-44; *United States v. Bolin* (7th Cir. 1975), 514 F.2d 554, 559; *People v. Kelly* (1979), 76 Ill. App. 3d 80, 86, 394 N.E.2d 739, 744.) A person may waive his constitutional privilege against unreasonable searches (see *United States v. Griffin* (7th Cir. 1976), 530 F.2d 739; *People v. Cole* (1977), 53 Ill. App. 3d 711, 368 N.E.2d 1308); in order to act as a waiver, the consent must be voluntary and voluntariness is to be determined from the totality of the circumstances. (*Schneckloth*, at 227; see *People v. Malaszenko* (1979), 76 Ill. App. 3d 1, 4, 393 N.E.2d 1350, 1353.) Whether valid consent has been given is a question of fact for the trial court, and where the evidence is conflicting the reviewing court will uphold the trial court's determination unless it is clearly unreasonable. *People v. DeMorrow* (1974), 59 Ill. 2d 352, 358, 320 N.E.2d 1, 5; *People v. Peterson* (1959), 17 Ill. 2d 513, 514-15, 162 N.E.2d 380, 381; *People v. Zynda* (1977), 53 Ill. App. 3d 794, 801, 368 N.E.2d 1079, 1085; *People v. Anderson* (1976), 42 Ill. App. 3d 1040, 1042, 356 N.E.2d 1076, 1078; *People v. Fleming* (1975), 36 Ill. App. 3d 612, 617, 345 N.E.2d 10, 14.

■■ ■ In our opinion, there was authority for the search of defendant's luggage independent of the boarding aircraft statute. The X ray of the luggage was properly conducted pursuant to statute, the only significance of the fact being that it aroused suspicion in the arresting police officer. A separate authority to search manifested when defendant voluntarily consented, through an interpreter, to the opening of his luggage. The record indicates that defendant was present throughout the questioning and search by the police. The arresting officer acted with express consent in opening the suitcase, rather than implied consent as defendant suggests.

We find the screening of defendant's luggage was proper, and the subsequent opening of the luggage was carried out with valid consent. Our interpretation of section 4 of the boarding aircraft statute does not result in the preclusion of any other search which is in conformity with guidelines set out by this court.

The trial court's determination was reasonable in light of ·the facts. Defendant's luggage was lawfully searched and the physical evidence found in it was properly admitted at trial.

For the aforesaid reasons, the judgment of the circuit court is affirmed.

Affirmed.

LINN, P. J., and ROMITI, J., concur.