THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* J. B. BOOSE, Defendant-Appellant.

(Nos. 56320, 56321 cons.;

First District—December 27, 1972.

Francis E. Andrew, of Chicago, for appellant.

Edward V. Hanrahan, State's Attorney, of Chicago, (Elmer C. Kissane and James S. Veldman, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE ADESKO delivered the opinion of the court:

Defendant, J. B. Boose, was found guilty in a bench trial of carrying a weapon concealed in a vehicle about his person and of failure to possess an Illinois Firearm Owners' Identification Card. The trial court fined the defendant $90.00 and $50.00 respectively. On appeal defendant contends:

(1) That he was not proven guilty beyond a reasonable doubt of carrying a weapon, concealed in a vehicle about his person;

(2) That the complaint alleging the non-offense of failing to register a firearm, but citing an existing statute, was so vague as to be void; and

(3) That the trial court misapprehended his privilege against self-incrimination and attributed an unconstitutional inference to his silence.

Officer Reynolds stopped a van for making an improper turn. The driver of the van got out and walked to the squad car which was behind the van. Reynolds walked up to the van and observed defendant climbing into the back of the van. Reynolds saw something in defendant's hands, but did not know what it was, so he asked defendant what he was

doing. Defendant stated that he was going to pick up a girl and was making room for her in the front seat. Officer Anderson, Reynolds' partner, then told Reynolds to watch out because they have a gun in the van. Reynolds opened the van door and climbed on to the van step and looked into the back of the van and saw defendant holding a rifle. At this time Reynolds pulled out his gun and told defendant to drop the rifle. Defendant dropped the rifle and was placed under arrest.

■■ Defendant's first contention on appeal was that he was not proven guilty beyond a reasonable doubt of carrying a weapon concealed in a vehicle about his person.

Section 24—1(a) of the Criminal Code states:

"(a) A person commits the offense of unlawful use of weapons when he knowingly * * * (4) carries concealed in any vehicle or concealed on or about his person * * * any pistol, revolver or other firearm; * * *." Ill. Rev. Stat. 1969, ch. 38, par. 24—1(a)(4).

This statute merely requires that the firearm shall be concealed from ordinary observation. *People v. Euctice*, 371 Ill. 159, 162, 20 N.E.2d 83.

■■ Defendant relies on *People v. Gant*, 84 Ill.App.2d 208, 228 N.E.2d 582, to support his contention that the rifle was not concealed. In *Gant* the officer's testimony was contradictory, in that he testified that he saw the gun in defendant's hand and he later testified that he could not recall if the gun was in defendant's hand. In the case at bar, Officer Reynolds testified that he did not see the rifle until he climbed onto the step of the van and looked in. Officer Reynolds stated that when he first approached the van he saw an object in defendant's hands, but could not determine what it was. In this case, the trial court was warranted in finding that the defendant had concealed the rifle in the van.

■■ Defendant's second contention was that the complaint alleging the non-offense of failing to register a firearm, but citing an existing statute was so vague as to be void. The complaint charged the defendant with the offense of failing to register a firearm in violation of chapter 38, section 83—2 of the Illinois Revised Statutes. Section 83—2 requires possession of a State Firearm Owner's Identification Card. Ill. Rev. Stat. 1969, ch. 38, par. 83—2.

Section 111—3 of the Code of Criminal Procedure provides in part:

"(a) A charge shall be in writing and allege the commission of an offense by:

(1) Stating the name of the offense;

* * *

(3) Setting forth the nature and elements of the offense charged; * * *." Ill. Rev. Stat. 1969, ch. 38, par. 111—3.

The complaint failed to state the name, the nature and the elements of the offense charged. Defendant was unable to fully prepare his defense. We find that the complaint charging defendant with the offense of "failure to register a firearm" is so vague as to be void.

■■ Defendant's third contention was that the trial court misapprehended his privilege against self-incrimination and attributed an unconstitutional inference to his silence. After the State rested its case and the defendant made a motion for a directed verdict, the following occurred:

> "THE COURT: Motions are denied. Well, put the defendant on counsel.
>
> MR. ANDREW: No, Judge, we rest.
>
> THE COURT: Defendant rests?
>
> MR. ANDREW: Yes, Judge, * * *."

This was a bench trial and defendant was represented by counsel of his own choice. We are satisfied that the comment by the trial judge, while ill-advised, was understood by counsel to mean that the defense could present any evidence it wished to offer. Defense counsel made no objection to the trial judge's statement. Taking into consideration the holding in *People v. Dillon*, 93 Ill.App.2d 151, 161, 236 N.E.2d 411, we do not feel that the statement by the trial judge compelled the defendant to testify.

For the foregoing reasons, the judgment is affirmed in part and reversed in part.

Judgment affirmed in part and reversed in part.

DIERINGER, P. J., and BURMAN, J., concur.