*In re* DARNELL DAVIS, a Minor.—(THE PEOPLE OF THE STATE OF ILLINOIS, Petitioner-Appellee, *v.* DARNELL DAVIS, Respondent-Appellant.)

First District (2nd Division) No. 61708

Opinion filed December 23, 1975.

James J. Doherty, Public Defender, of Chicago (Judith A. Stewart, Assistant Public Defender, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon and Michael E. Shabat, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE LEIGHTON delivered the opinion of the court:

This is an appeal from an order entered in a proceeding under the Juvenile Court Act. In a petition for adjudication of wardship it was alleged, in the only count that was prosecuted, that respondent Darnell Davis, a minor, violated the criminal code on or about April 30, 1974, by knowingly carrying concealed on or about his person a single-barrel 12-gauge shotgun. Sitting without a jury, the trial court heard evidence and granted the petition. The only issue presented is whether the evidence proved beyond a reasonable doubt that respondent carried a weapon concealed on or about his person when the weapon in question, the shotgun, was in plain view on the floor in front of the rear seat of the automobile in which he was riding. This issue arises from the following facts.

At about 10:10 p.m. on April 30, 1974, two citizens told police officer Charles Bauger and his partner that they had just been robbed, at gunpoint, in the vicinity of 34th Street and the lakefront in the city of Chicago. The officers proceeded immediately to the scene; and as they approached it, the citizens pointed to an automobile which they said contained the offenders. A high speed chase followed; and a short distance away, the automobile was curbed. It had five occupants, the driver and another, in front; three others, including respondent, in the rear. They were ordered out; and when Officer Bauger looked, he saw two shotguns and a revolver in the back seat area. The shotgun involved in these proceedings was on the floor, in front of the rear seat, resting on the car's transmission hump. It was loaded and in operating condition.

At his trial, respondent testified that he knew the weapons were in the automobile in which he was riding; that, at one time, he had the revolver in his hand, but he did not touch the shotgun which he said, as had Officer Bauger, was in plain view on the floor of the automobile in front of the rear seat. After hearing Officer Bauger and respondent testify, and listening to the argument of counsel, the trial court found that respondent was a delinquent and, because he was on parole at that time, recommitted him to the Department of Corrections.[1]

---

[1] Except for the testimony concerning the arrest, the record before us is silent concerning the other four occupants of the vehicle. By his testimony below and his presentment of a single issue here, respondent concedes his knowledge of the weapon (see *People v. McKnight*, 39 Ill.2d 577, 237 N.E.2d 488) and its accessibility to him (see *People v. McClendon*, 23 Ill.App.2d 10, 161 N.E.2d 584; compare Ill. Rev. Stat. 1973, ch. 38, par. 24—1(a)(7); *People v. Martin*, 1 Ill.App.3d 798, 274 N.E.2d 593; Ill. Rev. Stat. 1973, ch. 38, par. 83—2(a); *People v. Cogwell*, 8 Ill.App.3d 15, 288 N.E.2d 729.) Our review, therefore, is limited to a consideration of whether the weapon was concealed within the meaning of the statute.

In this court, as was urged on his behalf in the trial court, respondent argues that the evidence did not prove he knowingly carried concealed on or about his person a single-barrel 12-gauge shotgun because the weapon in question was on the rear floor of the automobile in which he was riding, in open view. The State argues it was proved beyond a reasonable doubt that respondent knowingly concealed a shotgun on or about his person, although it was in plain view, because it was concealed from ordinary observation as shown by the fact that the weapon could not be seen until all occupants of the automobile had been ordered out of it. The State points to respondent's testimony in which he admitted knowledge that the shotgun was on the floor of the car in front of his seat, although he claimed not to have touched the weapon before he was arrested.

■■ The statute which defines the offense alleged as respondent's delinquency provides that unlawful use of weapons is committed when a person knowingly "[c]arries concealed in any vehicle or concealed on or about his person except when on his land or in his own abode or fixed place of business any pistol, revolver or other fire arm * * *." (Ill. Rev. Stat. 1973, ch. 38, par. 24—1(a)(4).) This statute has been construed and applied in a number of cases, all involving instances in which a weapon was either fully or partly hidden under or inside another object in a vehicle. (See *People v. Latson*, 5 Ill.App.3d 1100, 284 N.E.2d 436; *People v. Zazzetti*, 6 Ill.App.3d 858, 286 N.E.2d 745; *People v. Barksdale*, 14 Ill.App.3d 415, 302 N.E.2d 718.) These instances differ from the case before us where the weapon was on the rear floor of an automobile in open view. In our judgment, however, this fact does not preclude a concealment within the meaning of the statue which in this State proscribes the unlawful use of weapons. See Annot., 43 A.L.R.2d 492 (1955).

■■ In *People v. Zazzetti*, 6 Ill.App.3d 858, 286 N.E.2d 745, we reviewed the cases and deduced the rule that "* * * a weapon is concealed within the meaning of the statute even if there is some notice of its presence. All that is required is that it be concealed from ordinary observation." (6 Ill.App.3d 858, 862.) In the case before us, we hold that a shotgun that is placed on the floor in front of the back seat of a vehicle is concealed from ordinary observation within the meaning of section 24—1(a)(4) of the criminal code. We think it is plain that such a shotgun, placed as it was under the feet and legs of respondent and two other passengers, was not within the ordinary observation of others. (See *People v. Boose*, 9 Ill.App.3d 393, 292 N.E.2d 444; compare *People v. Gant*, 84 Ill.App.2d 208, 228 N.E.2d 582.) Therefore, we reject respondent's argument that the evidence did not prove him guilty beyond a

reasonable doubt. (See *People v. Euctice*, 371 Ill. 159, 20 N.E.2d 83; *People v. Latson*, 5 Ill.App.3d 1100, 284 N.E.2d 436; *People v. Lofthouse*, 18 Ill.App.3d 378, 309 N.E.2d 608 (abstract opinion).) We affirm the order that found respondent a delinquent minor, adjudged him a ward of the court and recommitted him to the Department of Corrections.

Judgment affirmed.

DOWNING, P. J., and STAMOS, J., concur.