THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* ROOSEVELT WILLIAMS, Defendant-Appellant.

First District (4th Division)   No. 62315

Opinion filed May 26, 1976.

James J. Doherty, Public Defender, of Chicago (Thomas F. Finegan, Assistant Public Defender, and E. Stevens Yonover, Law Student, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon, Michael E. Shabat, and Eugene J. Rudnik, Jr., Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE BURMAN delivered the opinion of the court:

The defendant, Roosevelt Williams, was charged by complaint with unlawful use of weapons in that he knowingly carried a concealed weapon in violation of section 24—1(a)(4) of the Criminal Code. (Ill. Rev. Stat. 1973, ch. 38, par. 24—1(a)(4).) Subsequent to a bench trial, he was found guilty of the offense charged and sentenced to a 1-year term of probation provided that he pay a fine of $90. On appeal, the defendant contends that he was not proven guilty of the offense beyond a reasonable doubt.

A review of the record reveals that on December 18, 1974, approximately at 7:15 p.m., Officer Adams of the Chicago police department was investigating a robbery that was committed by an individual driving a black car. As he approached the 5600 block of West Madison Street, he observed a black Monte Carlo automobile, occupied by the defendant, parked on the street. He thereupon proceeded to walk up to the defendant, who was sitting in the driver's seat, in order to ask a few questions. While he was talking to the defendant from a distance of approximately 1 foot from the latter's automobile, Officer Adams looked into the window located on the driver's side and discovered a .38-caliber

revolver lying on the floor of the back seat. He then placed the defendant under arrest, seized the gun which was unloaded, and uncovered two bullets from the glove compartment. Thereafter, the defendant was charged with the offense of unlawful use of weapons in that he knowingly carried a concealed revolver in his automobile in violation of section 24—1(a)(4) of the Criminal Code. Ill. Rev. Stat. 1973, ch. 38, par. 24—1(a)(4).

After a series of continuances extending over a period of approximately 5 months, the trial commenced on June 4, 1975, in which only Officer Adams and the defendant were called as witnesses. Besides reiterating his involvement in the instant action, Officer Adams described the interior of the defendant's car as containing bucket seats and indicated that the gun was situated behind the unoccupied passenger's seat about 2 feet from .where the defendant was seated. He further testified that he could not see the gun as he approached the car nor if he had stood in front or in back of the car; rather, such weapon could only be observed by looking into the window located on the side of the car.

The defendant took the stand in his own behalf and admitted having an unloaded gun on the right back floorboard of his automobile and that he could reach said gun while sitting in a normal position as he drove the car. When asked on direct examination why he placed the gun on the floor of the back seat, the defendant responded that he was on his way to target practice at a gun shop located in Franklin Park, Illinois, and a policeman from the 13th District told him that as long as the gun was unloaded and registered, there would not be any problems. However, it was ascertained on cross-examination that although the defendant had purchased the gun at this Franklin Park store 9 months ago, (1) he never used the shop's target range nor (2) was he cognizant of whether the store was even open on the night in question.

Subsequent to hearing the two witnesses' testimony as well as the respective closing arguments of the State and counsel for the defendant, the trial court found the defendant guilty of the offense charged and sentenced him to a 1-year term of probation on the condition that he pay a fine of $90. On June 9, 1975, the defendant filed a notice of appeal with the clerk of the Circuit Court of Cook County.

According to section 24—1(a)(4) of the Criminal Code, any individual who knowingly carries any pistol, revolver, or other firearm concealed in any vehicle commits the offense of unlawful use of weapons. (Ill. Rev. Stat. 1973, ch. 38, par. 24—1(a)(4).) Moreover, judicial construction of this legislative enactment has promulgated a test for ascertaining whether a weapon is "concealed" within the purview of this statute, namely, the weapon must be "concealed from ordinary observation." (E.g., *People v. Euctice*, 371 Ill. 159, 162, 20 N.E.2d 83, 85; *People v. Taylor*, 31 Ill. App. 3d 20, 24, 332 N.E.2d 735, 737.) While the defendant does not controvert

the fact that there was a revolver lying on the floor of the back seat of his automobile on the night in question, he does posit that there was not a statutory infringement since the weapon was not concealed from "ordinary observation" but was clearly in plain view and immediately identifiable. To substantiate this assertion, the defendant relies on Officer Adams' testimony that when he stood a foot away from the driver's seat of the defendant's car he immediately observed the gun lying on the floor of the back seat. However, under the facts and circumstances, we are of the opinion that the defendant was convicted of the offense charged beyond a reasonable doubt.

It is well settled in Illinois that a weapon is "concealed" within the meaning of section 24—1(a)(4) of the Criminal Code (Ill. Rev. Stat. 1973, ch. 38, par. 24—1(a)(4)) even though there is some notice of its presence to an alert police officer who can see part of the gun when he approached the vehicle. *(E.g., People v. Lofthouse,* 18 Ill. App. 3d 378, 309 N.E.2d 608 (abstract opinion); see *People v. Graham,* 23 Ill. App. 3d 685, 320 N.E.2d 157 (abstract opinion).) This legal precept has been derived from and, for the most part, applied to cases where either (1) the defendant attempted to conceal the gun in the automobile or (2) the location of the gun in the car evinced that the particular defendant had intended to conceal the weapon *(e.g., People v. Latson,* 5 Ill. App. 3d 1100, 284 N.E.2d 436; *People v. Williams,* 132 Ill. App. 2d 806, 270 N.E.2d 44).

In *In re Davis,* 35 Ill. App. 3d 183, the reviewing court was confronted with a fact pattern somewhat similar to the one at bar. In that case, a Chicago police officer curbed an automobile subsequent to two citizens identifying the five occupants as having robbed them at gunpoint. After the five individuals were ordered out of the car, the policeman discovered, among other weapons, a loaded shotgun on the floor, in front of the rear seat, resting on the car's transmission hump. Analogous to the defendant's contention in the instant case, the respondent, who was found to be delinquent, appealed the juvenile court's ruling on the basis that the shotgun was not "concealed from ordinary observation" since it was in plain view on the floor of the automobile in front of the rear seat. In rejecting such assertion, it was unequivocally held that "a shotgun that is placed on the floor in front of the back seat of a vehicle is concealed from ordinary observation within the meaning of section 24—1(a)(4) of the [C]riminal [C]ode." 35 Ill. App. 3d 183, 185.

Based on the decision in *Davis* as well as the tenets previously enunciated, we believe that there is no merit to the defendant's contention. The record clearly shows that the gun could only be seen under very limited circumstances. As Officer Adams testified, he was unable to observe the weapon from the front or the rear of the vehicle. Rather, he discovered the defendant's gun only after he (1) was about a

132

foot from the automobile and (2) looked into the window located on the side of the car. We therefore conclude that the revolver was "concealed from ordinary observation" in accordance with section 24—1(a)(4) of the Criminal Code (Ill. Rev. Stat. 1973, ch. 38, par. 24—1(a)(4)), thus warranting an affirmance of the defendant's conviction.

For the foregoing reasons, the judgment of the trial court is affirmed.

Affirmed.

ADESKO and DIERINGER, JJ., concur.