Martez FOUNTAIN, Defendant
below, Appellant,

v.

STATE of Delaware, Plaintiff
below, Appellee.

Supreme Court of Delaware.

Submitted Oct. 11, 1977.

Decided Dec. 5, 1977.

H. Clay Davis, III, of Davis & Marshall, Georgetown, for defendant below, appellant.

Merritt S. Burke, Deputy Atty. Gen., Georgetown, for plaintiff below, appellee.

Before HERRMANN, Chief Justice, DUFFY and McNEILLY, JJ.

HERRMANN, Chief Justice:

The defendant appeals his conviction of robbery first degree and commission of a felony with a deadly weapon, on the ground that sequestered witnesses were allowed to commingle during the trial, resulting in testimony tainted and prejudicial to the defendant.

## I.

Prior to trial, the defendant requested and was granted sequestration of all state witnesses. However, the Trial Court failed to admonish the witnesses against commingling and discussion of their testimony during the sequestration. The defendant was convicted upon the testimony of a co-defendant and 3 police officers, the state's witnesses. More than 10 days after the verdict, but within the 30 day limit for appeal, the attorney for defendant learned that the 3 police witnesses had commingled in the hall outside the courtroom during the sequestration. That the witnesses commin-

gled is undisputed, but because there was no showing of prejudice, we find no reversible error.

## II.

■ Violation of a sequestration order does not automatically result in the disqualification of a witness. Testimony of a witness who violated a sequestration order is admissible and does not constitute reversible error absent a showing of actual prejudice to the defendant. *Derrickson v. State,* Del.Supr., 321 A.2d 497 (1974). A defendant must show not only that a violation occurred but that it actually had a prejudicial effect.

■ In the instant case, the defendant has not shown, as indeed he concedes he cannot show, that the witnesses violated the sequestration by discussing the testimony among themselves during the trial. It is not sufficient to merely show that opportunity for a violation of the sequestration order existed; an actual violation must be shown; it may not be presumed from circumstances.

Thus, the defendant has made no showing that he sustained any actual prejudice by reason of the commingling. That the testimony of the witnesses was adverse to the interests of the defendant is insufficient for the purpose. In order to show prejudice sufficiently, the defendant must establish that the testimony of a witness was shaped or influenced by another witness; this the defendant has not done.

■ We hold, therefore, that the admission of the testimony of the sequestered witnesses was not tainted or fatally prejudicial and is not ground for reversing the judgment.

■ However, by finding no reversible error in the instant case, we do not mean to indicate approval of the sequestration procedures followed here. Whenever sequestration of witnesses is ordered, the Trial Court should expressly admonish the witnesses to avoid discussion of their own testimony and the testimony of any other witness with any other person until after the trial has been concluded. See 6 *Wigmore on Evidence* (Chadbourn Revision) § 1840. Such admonition by the Court would have avoided the problem which gave rise to this appeal.

\*   \*   \*   \*   \*   \*

Affirmed.