**Richard D. JENKINS, Defendant Below, Appellant,**

v.

**STATE of Delaware, Plaintiff Below, Appellee.**

Supreme Court of Delaware.

Submitted Nov. 13, 1979.

Decided Feb. 29, 1980.

Christine Whitehead, Asst. Public Defender, Wilmington, for defendant below, appellant.

Timothy H. Barron, Deputy Atty. Gen., Wilmington, for plaintiff below, appellee.

Before DUFFY, QUILLEN and HORSEY, JJ.

PER CURIAM:

This criminal appeal by defendant from a jury trial conviction in Superior Court of Robbery in the First Degree (11 *Del.C.* § 832) and of Conspiracy in the Second Degree (11 *Del.C.* § 512) presents two issues: (1) whether an out-of-court "show-up" identification procedure was so unnecessarily suggestive as to result in a likelihood of misidentification of defendant as one of two bank robbers; and (2) whether violation of a witness sequestration order resulted in actual prejudice to defendant requiring reversal of the conviction.

The robbery of the bank during business hours had been committed by two armed, masked men. While one of them, later identified as defendant, held the bank tellers and other persons at pistol point, gave them orders and made them lie on the floor, the other gathered up available currency. And the two fled the premises about one minute later.

The "show-up" occurred at the bank within 15 minutes of the robbery. Defendant and several other suspects, each in custody, were separately shown to the tellers and asked to repeat certain orders that the

robber who had held the tellers at pistol point had given them. The tellers were cautioned not to discuss their impressions with one another.

## I

■ Applying the factors enunciated in *Neil v. Biggers*, 409 U.S. 188, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972), there was no substantial likelihood of misidentification in the instant case where (a) two of the tellers positively identified defendant as one of the robbers; (b) several of the tellers identified defendant by voice; and (c) four of the tellers identified defendant by his clothing, stature, race and moustache. Compare *Harris v. State*, Del.Supr., 350 A.2d 768 (1975) and *Clark v. State*, Del.Supr., 344 A.2d 231 (1975) with *Cook v. State*, Del. Supr., 374 A.2d 264 (1977).

■ There was justification for the "show-up;" and the "show-up" was not unnecessarily suggestive either because: (a) defendant was the first of the suspects presented; or (b) he was in custody, as were the two others; or (c) the other suspects were dissimilar in general appearance and attire. *Harris v. State, supra* and *Watson v. State*, Del.Supr., 349 A.2d 738 (1975).

Considering the totality of the circumstances, the "show-up" was not only not unnecessarily suggestive but the identification was reliable. *Neil v. Biggers, supra* and *Harris v. State, supra*. Defendant's objections to the tellers' identification testimony were relevant to the weight of the testimony rather than its admissibility.

## II

In disregard of an order sequestering witnesses, several of the State's witnesses were allegedly seen talking in the corridor outside the courtroom before testifying at trial but after being separately examined by the trial judge on *voir dire* as to their "show-up" identification of defendant.

Following the trial testimony of these witnesses, the trial judge conducted a second *voir dire* and determined that several of the witnesses had discussed the robbery in general terms. However, all witnesses denied discussing their testimony; and the trial judge, finding their conversation to have been general in nature and peripheral to their testimony, denied an application to strike their testimony or for mistrial—on the ground that no showing of actual prejudice to defendant had been made.

■ Our standard of review of this question is whether the trial court committed an abuse of discretion, and we find none. In *Fountain v. State*, Del.Supr., 382 A.2d 230 (1977) we stated:

"Violation of a sequestration order does not automatically result in the disqualification of a witness. . . . A defendant must show not only that a violation occurred but that it actually had a prejudicial effect." 382 A.2d at 231.

By comparing the testimony of each of the State witnesses on first *voir dire* with their later testimony at trial, the trial judge determined that there was no substantial difference in their testimony or indication that their trial testimony had been "bolstered" over their previous testimony on *voir dire*. Defendant did not meet his burden of proof by merely showing some differences between the *voir dire* and the trial testimony of the witnesses; and defendant did not demonstrate that the "testimony of a witness was shaped or influenced by another witness." *Fountain v. State, supra* at 231.

Other issues raised in defendant's Rule 26(c) brief do not require response because of their lack of merit.

AFFIRMED.