**Jerry Glenn POLI, Defendant Below, Appellant,**

v.

**STATE of Delaware, Plaintiff Below, Appellee.**

Supreme Court of Delaware.

Submitted March 10, 1980.

Decided June 23, 1980.

---

John J. Thompson (argued) and L. Vincent Ramunno, Wilmington, for defendant–appellant.

Alex J. Smalls (argued) and Richard W. Baseman, Deputy Attys. Gen., Wilmington, for plaintiff–appellee.

Before DUFFY, McNEILLY and HORSEY, JJ.

PER CURIAM.

Defendant was tried before a jury and convicted of possession of marijuana and possession of a deadly weapon during the commission of a felony.* He was held six hours between arrest and arraignment during which time he was the subject of routine police investigations and interrogation and his property subjected to inventory search. About two hours of this time was consumed in taking defendant to his home to witness a search of it conducted by FBI agents.

Defendant raises five issues on his appeal, namely:

(1) the six hour delay between arrest and arraignment was unreasonable; therefore any statements made during that time should have been excluded at trial;

(2) the Trial Judge erred in refusing to instruct the jury on the offense of carrying a concealed deadly weapon (11 *Del.C* § 1442) as a lesser included offense of the indicted offense of possession of a deadly weapon during the commission of a felony (11 *Del.C.* § 1447);

(3) the evidence at trial was not sufficient to show an association between the drug charge and the weapons offense;

---

* For a pre–trial appeal in this case see *State v. Poli*, Del.Supr., 390 A.2d 415 (1978).

(4) the imposition of a minimum mandatory five year sentence on the weapons charge constitutes cruel and unusual punishment; and

(5) the summation of the State and charge of the Judge contained errors which were so prejudicial as to deprive defendant of a fair trial.

Each of defendant's contentions is without merit and we, therefore, affirm his convictions.

■■■ *First,* whether the delay between arrest and arraignment was unreasonable under the circumstances is a question of fact. See *Fullman v. State,* Del.Supr., 389 A.2d 1292 (1978); *Warren v. State,* Del. Supr., 385 A.2d 137 (1978); Superior Court Criminal Rule 5(a). Section 1909 of Title 11 of the *Delaware Code* provides that an arrested person be taken before a magistrate "without unreasonable delay, and in any event he shall, if possible, be so brought within 24 hours of arrest . . .." While we emphasize that whether a delay was reasonable is to be determined on the facts of the particular case, we point out that this Court has upheld as reasonable delays of up to 21 hours under somewhat similar facts. *Fullman v. State, supra.* There is sufficient evidence in the record to show that a delay of six hours was not unreasonable in this case.

■■■ *Second,* the Trial Judge did not err in refusing to instruct the jury as to carrying a concealed deadly weapon as a lesser included offense of the indicted weapons offense. A lesser included offense is defined by 11 *Del.C.* § 206 to include one which "is established by the proof of the same or less than all the facts required to establish the commission of the offense charged . . .." 11 *Del.C.* § 206(b)(1). Thus, carrying a concealed deadly weapon is not a lesser included offense since it requires proof of concealment, a fact not required by 11 *Del.C.* § 1447, possession of a deadly weapon during the commission of a felony. Hence, the Trial Judge's refusal to give the requested charge was proper.

■■ *Third,* there is no statutory requirement that the State show a connection between the underlying felony and the possession of the weapon. The Commentary to the Criminal Code makes this abundantly clear:

"This section imposes a severe penalty (3 to 30 years imprisonment) for a person who is in possession of a deadly weapon (defined in § 222) during commission of a felony. There is no requirement that the weapon be used or intended for use; simple possession suffices."

Moreover, this question is settled by this Court in *Mack v. State,* Del.Supr., 312 A.2d 319 (1973) and *Wilson v. State,* Del.Supr., 343 A.2d 613 (1975) wherein the defendants were convicted of possession of narcotic drugs with intent to deliver and the § 1447 weapons offense.

■■ *Fourth,* defendant has not cited any authority for his argument that the minimum mandatory sentence imposed for violations of § 1447 is cruel and unusual punishment. Certainly the possession of deadly weapons by persons while they engage in felonious criminal activity is a serious act for which the legislature has meted out a serious penalty. However, defendant has not met his burden of showing that the sentence is unconstitutional.

■■ *Finally,* the simple slip of the tongue by the Trial Judge, later corrected when brought to his attention, and the remarks by the prosecutor to the jury in summation were adequately cured by corrective instructions given to the jury. Such errors, if any, were harmless beyond a reasonable doubt.

Affirmed.