Robert L. ANDERSON, Defendant
Below, Appellant,

v.

STATE of Delaware, Plaintiff
Below, Appellee.

Supreme Court of Delaware.

Submitted Oct. 19, 1982.

Decided Nov. 10, 1982.

Neal A. Phillips, Wilmington, for defendant below, appellant.

John A. Parkins, Jr., Deputy Atty. Gen., Wilmington, for plaintiff below, appellee.

Before QUILLEN, HORSEY and MOORE, JJ.

PER CURIAM:

Defendant appeals his conviction by a Superior Court jury of Robbery in the First Degree, 11 *Del.C.* § 832.

∎ The first issue is whether the Trial Court committed reversible error in denying defendant's Motion to Suppress the out-of-court identification of defendant made by a State's witness, the robbery victim. Defendant contends that his Fifth Amendment Due Process rights were violated by the police investigative "show-up" identification of defendant because it was uncalled for and unnecessarily suggestive. Defendant does not contest the victim's in-court identification of defendant.

Wilmington Police on routine car patrol arrested defendant ten minutes after a daylight Wilmington liquor store robbery was reported and within four to five blocks of the store. The store manager (victim) immediately after the holdup had telephoned the robbery to the Wilmington Police. He described the perpetrators of the robbery as being two black males wearing identical green sweatshirts, with caps on their heads and with one wearing a pair of jogging shoes—blue and white in color—with the name "Jets" printed on the shoe. Defendant and another black male, both wearing green sweatshirts and caps, were taken into custody after attempted flight on foot, in the course of which defendant had sought to discard his sweatshirt and cap.

Defendant and his companion were immediately taken to the store where defendant was positively identified by the store manager as having been one of the two robbers involved. The victim had also seen defendant twice before: the first time, two weeks earlier when he had inquired about employment; and the second time, on the day of and only minutes before the holdup when defendant and his companion had entered the store ostensibly inquiring for work. The victim also noted at the show-up that one of the robbers was no longer wearing a green sweatshirt. The victim also unequivocally identified defendant as the one who had pointed a gun at him and said, "This is a holdup. Open up the register."

Under these facts, there was no substantial likelihood of misidentification, *Harris v. State*, Del.Supr., 350 A.2d 768 (1975). The evidence as to victim's opportunity to view defendant, the accuracy of his description, the elapsed time between the crime's commission and the confrontation and the victim's level of certainty of identification fully meet the factors set forth in *Neil v. Biggers*, 409 U.S. 188, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972) for evaluating the likelihood of misidentification.

The prompt confrontation was an immediate product of the crime and of defendant's apprehension; and such police practice is to be commended as essential both to law enforcement and fairness to innocent suspects. *Watson v. State*, Del.Supr., 349 A.2d 738 (1975). The show-up was not impermissibly suggestive merely because defendant was but one of the two suspects presented to the victim. *See, Jenkins v. State*, Del. Supr., 413 A.2d 874 (1980). A station house-type lineup including similar looking persons is clearly foreclosed by the exigencies of a prompt apprehension and show-up confrontation at the scene of a crime. It follows that defendant's Due Process rights were not denied by the admission of the out-of-court identification.

∎ The second issue is whether the Trial Court erred in failing to suppress defendant's written confession on either of two grounds: (1) that it was involuntary as a matter of law because obtained as a result of an unreasonable delay between arrest and arraignment so as to be subject to the exclusionary rule; or (2) that it was involuntary on constitutional grounds in the sense of not having been knowingly and intelligently given with full appreciation of

the consequences. *See, Schneckloth v. Bustamonte,* 412 U.S. 218, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973).

The determination of "whether a statement was voluntarily made or was the product of duress and coercion is a question of fact to be determined from the totality of the circumstances, *Schneckloth v. Bustamonte, supra,* and where there is sufficient evidence of record to support the lower Court's finding of voluntariness this Court will not upset that finding, and the admission of the confession into evidence based thereon. *Cf., Henry v. State,* Del.Supr., 298 A.2d 327 (1972)." *Fullman v. State,* Del. Supr., 389 A.2d 1292, 1297 (1978).

Here, there clearly was sufficient evidence of record to support the Trial Court's finding of voluntariness as to defendant's confession. The record supports the State's summary of the evidence:

He was given his *Miranda* warnings approximately four times from the time of his arrest until the termination of his last statement at 7:00 p.m.* The *Miranda* warnings were given by different police officers at the time of his arrest, upon taking his first statement before the taking of his second statement and while going over his last statement reduced to writing. Each time these rights were given to Mr. Anderson, he indicated he understood them. Detective Rodriguez gave the defendant his rights at 5:00 p.m. when he began his interview with him. After the statement was reduced to writing, Detective Rodriguez read each right from the introductory page separately and asked if the defendant understood. After the reading of each right, the defendant answered affirmatively and then signed that page. Detective Rodriguez additionally read through the defendant's statement with him word for word. The defendant agreed it was accurate and signed the last page indicating he was aware of its contents. At no time was the defendant coerced, threatened or physically abused. Nor was there any indication of any degree of incapacity. Indeed, Detective Rodriguez testified that the defendant had been very cooperative.

---

\* Anderson does not contend that the police failed to give him his *Miranda* rights, nor does he contend that warnings given to him were defective. Further, Anderson does not claim that he requested counsel or asserted his right to remain silent.

Appellee's Answering Brief, pp. 12–13.

We next take up defendant's alternative claim that his statement, even if voluntary, was the product of an unreasonable delay in his arraignment, in violation of 11 *Del.C.* § 1909, and hence barred under the exclusionary rule. *See, Webster v. State,* Del. Supr., 213 A.2d 298 (1965) and *Vorhauer v. State,* Del.Supr., 212 A.2d 886 (1965).

Whether a delay between arrest and arraignment is unreasonable under the circumstances is a question of evidence initially determined by the trial judge. *Webster v. State, supra; Warren v. State,* Del. Supr., 385 A.2d 137 (1978); Superior Court Criminal Rule 5(a). The record supports the Trial Court's conclusion that the delay was not unreasonable. Defendant and his companion suspect were taken into custody at approximately 11:00 a.m. Their questioning at the Detention Center did not begin until about 12:30 p.m. In the meantime, they had been taken back to the scene for the "show-up" identification and thereafter were taken to the police station for processing. In initial questioning, defendant and his companion gave contradictory oral statements. Defendant's companion admitted participating in the robbery. Defendant denied any involvement and stated that he had been jogging that morning— though wearing street shoes. A written statement was then obtained from defendant's companion confirming his participation in the robbery. The statement was completed about 1:40 p.m. From 2:00 p.m. to 5:00 p.m. there was no committing magistrate available at the Detention Center. About 5:00 p.m. a detective not assigned to the case began interrogating defendant about this and other area robberies. This questioning led to defendant's oral admission, which was then reduced to a written statement signed at about 7:00 p.m.

"While a delay may be 'unreasonable' though less than the 24 hour outer limits set forth in 11 *Del.C.* § 1909, no clear-cut standards of reasonableness may be prescribed. Each case must be considered on its own facts with the number of hours of detention prior to the initial appearance together with all other circumstances being considered." *Fullman v. State, supra,* at 1298. Applying the totality of the circumstances test, we cannot find the delay of some eight hours between defendant's arrest and his arraignment to have been unreasonable. Hence, defendant's statement was properly admissible. *Poli v. State,* Del.Supr., 418 A.2d 985 (1980).

\*       \*       \*

Affirmed.