**1208**

UNITED STATES, Appellee,

v.

Specialist Sidney D. TAYLOR,
326–60–0821, United States
Army, Appellant.

ACMR 8903214.

U.S. Army Court of Military Review.

28 June 1990.

For Appellant: Captain Alan M. Boyd, JAGC, Captain Jeannine C. Hinman, JAGC (on brief).

For Appellee: Colonel Alfred F. Arquilla, JAGC, Lieutenant Colonel Daniel J. Dell'Orto, JAGC, Captain Randy V. Cargill, JAGC, Captain Jonathan F. Potter, JAGC (on brief).

Before KUCERA, GILLEY and GRAY, Appellate Military Judges.

## OPINION OF THE COURT

GILLEY, Judge:

Pursuant to his pleas, the appellant was found guilty by a general court-martial of absence without authority, willful disobedience of a noncommissioned officer, assault on one soldier by intentionally inflicting grievous bodily harm and on another with a means likely to inflict grievous bodily harm, and carrying a concealed weapon, in violation of Articles 86, 91, 128, and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 886, 891, 928, and 934 (1982). The convening authority approved the sentence of a bad-conduct discharge, confinement for one year, forfeiture of all pay and allowances, and reduction to the grade of Private E1, but pursuant to a pretrial agreement, the forfeiture was suspended for eighteen months.

The appellant assigns as error that the military judge should not have accepted his plea of guilty to carrying a concealed weapon because the weapon was not concealed. The stipulation of fact accompanying the guilty plea provided: "[o]n 15 July 1989, the accused wrongfully carried a concealed weapon on or about his person. The weapon, a .380 semi-automatic pistol, was carried in the accused's car between the driver's seat and the front passenger's seat while the accused was driving his car."

The Manual for Courts–Martial, United States, 1984, Part IV, para. 112(c), provides that "[a] weapon is concealed when it is carried by a person and intentionally covered or kept from sight." State courts consistently have found that a weapon in an automobile may be "concealed" while it rests on the seat of an automobile. *See e.g., People v. Williams*, 39 Ill.App.3d 129, 350 N.E.2d 81 (1976) (visible weapon in car held to be concealed). *See generally*, 94 C.J.S., *Weapons* § 8 (1956 and 1989 Supp.). That posture fits well into the reason such carrying of a weapon is a crime. "The vice of carrying the weapon is that the intent to use it unlawfully may be formed at any time. When the urge to kill, rob, or steal is

found, the weapon is handy. Making the concealed possession a crime is for preventative purposes." *United States v. Thompson*, 14 C.M.R. 38, 42 (C.M.A.1954).

The danger from such a weapon is manifest regarding both police officers performing their duty and, in this case, innocent passersby who were beaten severely after objecting to how close the appellant drove to them. The weapon was not apparent to them and would not be until avenues of escape from the deadly menace could be fatally foreclosed.

We have considered the issues raised personally by the appellant and they are without merit.

The findings of guilty and the sentence are affirmed.

Senior Judge KUCERA and Judge GRAY concur.