Floyd D. **ROBERTSON**, Defendant
Below, Appellant,

v.

**STATE of Delaware**, Plaintiff
Below, Appellee.

No. 174, 1997.

Supreme Court of Delaware.

Submitted: Dec. 2, 1997.

Decided: Dec. 23, 1997.

J. Brendan O'Neill, Assistant Public Defender, Wilmington, for Appellant.

Timothy J. Donovan, Jr., Deputy Attorney General, Wilmington, for Appellee.

Before VEASEY, C.J., HOLLAND and HARTNETT, JJ.

PER CURIAM.

This appeal from a conviction in the Superior Court raises an issue of first impression. We must decide whether or not a weapon may be "concealed" within the meaning of the statute prohibiting the carrying of a concealed deadly weapon, and at the same time lie in "plain view" for purposes of our search-and-seizure doctrine. We decide, consistent with the majority view in other states, that the two concepts are not inconsistent or mutually exclusive. We therefore affirm the judgment of the Superior Court entered on defendant's conviction.

In the early morning hours of October 12, 1996, two Wilmington police officers heard Floyd Robertson honking his car horn repeatedly. The officers pulled Robertson over and ticketed him for excessive horn honking. When they approached Robertson's car to hand him the tickets, one of the officers shone a flashlight into the car and observed the butt of a pistol protruding from under the passenger seat. Robertson was arrested and charged with carrying a concealed deadly weapon.

Prior to trial, Robertson moved to exclude the gun from evidence. The Superior Court denied his motion, and held that the gun was in plain view and therefore properly subject to seizure. Following the Superior Court's evidentiary ruling, Robertson waived his right to a jury trial, and stipulated that the evidence taken at the hearing would constitute the evidence at trial. The Superior Court then found Robertson guilty of carrying a concealed deadly weapon under 11 Del.C. § 1442.[1]

A conviction under Section 1442 requires proof of "concealment."[2] In this case, the Superior Court convicted Robertson under Section 1442 after an evidentiary hearing in which it determined that the weapon in question was in plain view and therefore subject to seizure. On appeal, Robertson argues that this is a logically inconsistent outcome. He contends that, as a matter of law, a "concealed" weapon is not in plain view.

■ Courts in a majority of other jurisdictions have held that concealment means hidden from "ordinary observation." We adopt the majority rule requiring that a concealed weapon be "hidden from the ordinary sight of another person ... [meaning] the casual and ordinary observation of another in the normal associations of life."[3] It is important to note, however, that courts in other states have typically distinguished "ordinary observation" from the observations of an investigating police officer.[4] We approve of that distinction, and hold that a weapon may be concealed even though easily discoverable through routine police investigative techniques.

■ "Plain view," for purposes of search and seizure law, is a broad concept. An item is in plain view not merely when it is ordinarily observable by the average person, but

---

1. "A person is guilty of carrying a concealed deadly weapon when the person carries concealed a deadly weapon upon or about the person without a license to do so as provided by § 1441 of this title...." 11 Del.C. § 1442.

2. See, e.g., Upshur v. State, Del.Supr., 420 A.2d 165, 168 (1980); Poli v. State, Del.Supr., 418 A.2d 985, 987 (1980).

3. Ensor v. State, Fla.Supr., 403 So.2d 349, 354 (1981); accord State v. Purlee, Mo.Supr., 839 S.W.2d 584, 591 n. 4 (1992) (en banc) (collecting cases); State v. Gwinn, Me.Supr., 390 A.2d 479 (1978); State v. Walls, Ct.App., 190 Wis.2d 65, 526 N.W.2d 765, 767 n. 3 (1994).

4. E.g., State v. Adams, Ct.App., 189 Ariz. 235, 941 P.2d 908, 911 (1997) (ordinary observation does not include searches that are unusually careful, thorough, or detailed, such as "those of a trained, alert investigative officer"); People v. Williams, 39 Ill.App.3d 129, 350 N.E.2d 81, 83 (1976) (weapon may be concealed even though there is some notice of its presence to an alert police officer who can see the gun when he approaches the vehicle).

also when it is discoverable by police officers in the normal course of their investigative duties.[5] We have held that an item is in plain view even though police discovered it only by shining flashlights into areas not accessible by ordinary observation.[6] The plain view doctrine thus is not inconsistent with concealment from ordinary observation because the latter does not incorporate an investigating police officer's range of perceptions.

■ We conclude that an item may be in plain view for search-and-seizure purposes, though concealed for purposes of the substantive criminal law. Therefore, there was no logical inconsistency in the Superior Court's decision to convict Robertson of carrying a concealed deadly weapon following an evidentiary hearing in which it ruled that the weapon was in plain view.

Accordingly, we affirm Robertson's conviction and sentence in the Superior Court.

---

**5.** *See Boardley v. State*, Del.Supr., 612 A.2d 150, 153 (1992) (seizure under plain view doctrine permitted where view results from lawful police activity).

**6.** *E.g., Miller v. State*, Del.Supr., 310 A.2d 867, 869 (1973); *Laws v. State*, Del.Supr., 277 A.2d 676, 677–78 (1971).