IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| MICHAEL PARSONS, | § | |
| | § | No. 81, 2017 |
| Defendant-Below, | § | |
| Appellant, | § | Court Below: Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | Cr. ID No. 1605002632A |
| STATE OF DELAWARE, | § | |
| | § | |
| Plaintiff-Below, | § | |
| Appellee. | § | |

Submitted: November 15, 2017
Decided: November 29, 2017

Before **VALIHURA**, **VAUGHN**, and **SEITZ**, Justices.

## <u>ORDER</u>

This 29th day of November, 2017 having considered the briefs and the record below, it appears to the Court that:

(1)     The police stopped Michael Parsons for driving a truck with a burnt out tail light.  Parsons consented to a search of the truck, which led the police to find a loaded handgun behind the driver's seat.  The officers had to climb into the truck and look around the driver's seat before discovering the gun.  The state charged Parsons with, and a jury convicted him of carrying a concealed deadly weapon, among other charges.  Parsons moved for judgment of acquittal or a new trial, and claimed there was insufficient evidence to support his conviction.  Parsons argued

there was clear evidence that the gun was not concealed, and that the prosecutor's irrelevant statements regarding officer safety led the jury to misunderstand the law. The court denied the motion because it found sufficient evidence of concealment. The judge did not address Parsons' second claim regarding the prosecutor's statements. Parsons appeals and argues the same claims are raised below in his original motion. Because there was sufficient evidence for the jury to find concealment, and the prosecutor's statements were within the law or were remedied by the trial judge's curative instruction, we affirm the Superior Court's decision.

(2) On the night of May 4, 2016, Police Officer Cannon stopped a box truck without working tail lights and was joined by Officer Granados at the scene. The officers made a standard protective scan of the vehicle's interior using flashlights, but did not spot any weapons. Cannon testified that he was next to the truck, "two feet or less" from Parsons who was in the driver's seat. Megan Hastings was in the passenger's seat. Parsons consented to a search of the truck, and told Cannon there was a loaded gun behind the driver's seat. Cannon found a semi-automatic handgun with a full magazine and a bullet in the chamber within arm's reach of the driver's seat. Parsons was arrested and charged with one count of carrying a concealed deadly weapon, among other charges.

(3) At trial, Officer Cannon testified that, with the assistance of his flashlight, "to view the weapon and actually remove the weapon from the vehicle I

2

had to go inside the vehicle, look down and around, [to see it] directly behind the driver's seat."[1] He also stated that he could only see the butt of the gun, because it was partially covered by a dark sweatshirt. Hastings testified that while she could partially see the gun from the passenger seat, "[i]f you were to look in through the window you would not be able to see it."[2] During closing arguments, the prosecutor explained that a gun is concealed unless it can be seen in the "ordinary observation" of a police officer, which on a traffic stop, was "outside the door of the vehicle looking into the passenger compartment."[3] Also during closing arguments, the prosecutor raised concerns for officer safety, stating that a "loaded gun with a round in the chamber can kill an officer who is conducting a traffic stop."[4] Parsons objected and the judge promptly gave a curative instruction to disregard such comments as irrelevant and to instead focus on the elements of the charge.

(4) On January 25, 2017, after a two-day trial, the jury found Parsons guilty of one count of carrying a concealed deadly weapon and three counts of motor vehicle offenses. The judge sentenced Parsons to four years at Level V, suspended for one year at Level III probation, and ordered him to pay fines for the three motor

---

[1] App. to Opening Br. at 18. Cannon also stated, "I physically had to reach in, reach into the vehicle between the driver's seat and the steering wheel. As I reached in I had to kind of look down and around behind the seat in order to observe where the gun was sitting." *Id.* at 17–18. Cannon described the weapon as located "[at] about midpoint behind the driver's side seat." *Id.* at 23.
[2] *Id.* at 37.
[3] *Id.* at 71.
[4] *Id.* at 74.

vehicle violations. On January 30, 2017, Parsons filed a motion for judgment of acquittal or for a new trial. Parsons argued there was insufficient evidence to support a guilty verdict, because there was evidence the gun was not concealed, specifically that Cannon could see and recognize the gun. In addition Parsons argued the prosecutor's statements about ordinary observation and officer safety caused the jury to make a decision inconsistent with the law.

(5) On March 7, 2017, the court denied Parsons' motion, and held there was sufficient evidence for a rational juror to find Parsons guilty beyond a reasonable doubt. The judge did not address Parsons' claim regarding the prosecutor's statements. Parsons appeals, arguing the same claims he made in his original motion. We review the Superior Court's denial of a motion for judgment of acquittal or for new trial *de novo*.[5] A defendant may contest a verdict by arguing that the State failed to introduce sufficient evidence at trial to sustain a conviction.[6] "[T]he relevant question is whether, after reviewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."[7]

---

[5] *Flonnory v. State*, 893 A.2d 507, 537 (Del. 2006) (citing *Priest v. State*, 879 A.2d 575, 577 (Del. 2005)).
[6] Super. Ct. Crim. R. 29; *see also Conyers v. State*, 396 A.2d 157, 160 (Del. 1978) (explaining a judgment of acquittal is appropriate "only where the State has offered insufficient evidence to sustain a verdict of guilt").
[7] *Skinner v. State*, 575 A.2d 1108, 1121 (Del. 1990) (emphasis original).

(6)    First, Parsons claims that the placement of the gun was never established at trial, with the only evidence of its location coming from Cannon's testimony.  But, the jury was entitled to rely on Cannon's testimony to place the gun behind the seat.[8]  Parsons next claims that because Officer Cannon could see the gun, it was not concealed, and the court failed to provide an analysis of ordinary observation. Parsons argues that ordinary observation means "a person in the position to see the gun can see the gun."[9]  However, this interpretation contradicts the plain reading of the statute[10] and is unsupported by case law.[11]

(7)    In *Robertson v. State*, the court held that an item may be in plain view for search-and-seizure purposes, though concealed for purposes of the substantive criminal law.[12]  According to the Court, "[t]he plain view doctrine thus is not inconsistent with concealment from ordinary observation because the latter does not incorporate an investigating police officer's range of perceptions."[13]  In other words,

---

[8] *Williams v. State*, 539 A.2d 164, 168 (Del. 1998) (citing *Tyre v. State*, 412 A.2d 326, 330 (Del. 1980)).

[9] Opening Br. at 9.  Parsons essentially proposes that if the gun can be seen from any vantage point it is not concealed.

[10] 11 *Del. C.* § 1442.  "A person is guilty of carrying a concealed deadly weapon when the person carries concealed a deadly weapon upon or about the person without a license to do so. . . ." *Id.*

[11] *State v. Demby*, 672 A.2d 59, 61 (Del. 1996); *see id.* (explaining that words and phrases in statutes "shall be construed according to the common and approved usage of the English Language.").

[12] 704 A.2d 267, 268 (Del. 1997).

[13] *Id*. at 268-69.

"a weapon may be concealed even though easily discoverable through routine police investigative techniques."[14]

(8) Parsons relies on *Robertson* to argue that Cannon was able to both spot and immediately recognize the gun, and therefore it could not be considered concealed. But Cannon saw the gun only after Parsons admitted there was a firearm, stated where it was located, and Cannon entered the truck and looked over and around the seat.[15] Thus, Cannon was no longer engaged in the "ordinary observation of another in the normal associations of life," but was using "police investigative techniques."[16]

(9) Second, Parsons argues that the prosecutor's statements about officer safety caused the jury to misunderstand the law.[17] Because officer safety was irrelevant to the case, Parsons' counsel promptly objected and the judge delivered a curative instruction to disregard the comments.[18] "A jury is presumed to understand

---

[14] *Id.*

[15] App. to Opening Br. at 25.

[16] *Robertson*, 704 A.2d at 268; *see also McDougal v. State*, 128 A.3d 635, 2015 WL 7272051, at *2 (Del. Nov. 16, 2015) (TABLE) (finding that although the officer saw the gun from outside the car, it was concealed because it was obscured from view until the defendant exited the vehicle). Parsons also criticizes the Superior Court's reference to Cannon's use of a flashlight, arguing it was used "due to darkness—not concealment." Opening Br. at 8; App. to Opening Br. at 93. However, it is immaterial whether the gun was in plain view with a flashlight, because the critical issue is whether the gun was visible by ordinary observation, standing beside the vehicle, which it was not. *Ensor v. State*, 403 So.2d 349, 355 (Fla. 1981).

[17] Opening Br. at 12. Parsons's claim seems most appropriately described as an argument for prejudice by some form of prosecutorial misconduct, but it is never specifically raised and is therefore waived. *Roca v. E.I. du Pont de Nemours & Co.*, 842 A.2d 1238, 1242 (Del. 2004).

[18] App. to Opening Br. at 75.

6

and follow the instructions given by the Superior Court."[19]  Thus, Parsons did not suffer prejudice from the prosecution's erroneous statements.

(10)  Parsons has failed to show an insufficiency of evidence on the concealed weapons charge.  The trial judge promptly corrected the prosecution's erroneous statements about officer safety.  Thus, the Superior Court did not err by denying the motion for judgment of acquittal or for new trial.

NOW, THEREFORE, it is hereby ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

/s/ *Collins J. Seitz, Jr.*
Justice

---

[19] *Brown v. State*, 782 A.2d 262, 2001 WL 898589, at *2 (Del. 2001) (TABLE).

7